## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EMMETT V. JORDAN and** ) | |
| **AMY R. JORDAN, Individually and as** ) | |
| **natural parents of J.V.J., a minor,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION** |
| ) | |
| **v.** ) | **No:  14-2539-JWL-GLR** |
| ) | |
| **WYANDOTTE COUNTY UNIFIED** ) | |
| **GOVERNMENT, et. al,** ) | |
| ) | |
| **Defendants.** ) | |
| ————————————————) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Extend Time for Service of Process, for an Order that Process be Served by the United States Marshall (sic) and for Costs Pursuant to Fed. R. Civ. P. 4(d)(2)(B) (ECF 24).  The motion addresses the issue of service of process upon three of the defendants, Carrie Purney-Crider, Carol Jackson, and Heather Wilson. The parties have fully briefed it.  For the following reasons, the Court denies the motion as premature and otherwise for lack of merit.

Plaintiffs filed this action on September 16, 2014, in the District Court of Wyandotte County, Kansas.  They assert claims, pursuant to 42 U.S.C. § 1983 and under Kansas law.  On October 22, 2014, Co-defendants Kansas Department of Revenue, Carrie Purney-Crider, Carol Jackson, Heather Wilson, Nick Jordan and Steve Stotts ("Revenue Defendants") removed the case to this Court.  In a Motion to Dismiss (ECF 6), the Revenue Defendants asserted that the Court lacks personal jurisdiction over Purney-Crider, Jackson and Wilson, because they have not

been properly served with process.  By Memorandum and Order of December 16, 2014 (ECF

22), Judge Lungstrum granted in part and denied in part the Motion to Dismiss.  Footnote 2 of

the Memorandum and Order also notes as follows:

> In their motion to dismiss, defendants Purney-Crider, Jackson and
> Wilson assert that the court lacks personal jurisdiction over them because
> they have not been properly served with process.  Any argument about service
> is premature as the 120-day service period set forth in Federal Rule of Civil
> Procedure 4(m) has not expired and plaintiffs have indicated that they are
> attempting to obtain personal service on these defendants.

Plaintiffs then filed the instant motion, arguing that they thought service for the Revenue

Defendants had been accepted by an employee of the Department of Revenue.  When Plaintiffs

became aware that service was disputed, the defendants were represented by counsel.  Believing

that KRPC 4.2 prohibits the attorney for Plaintiffs from contacting defendants directly, he sent

waiver of service materials to their attorney on November 24, 2014, with instructions to forward

them to the defendants.  Plaintiffs received no responses to these waiver requests.  The instant

motion seeks an extension of time to effectuate service and an order that service be made on

these three defendants by the United States Marshal Service ("USMS").  Plaintiffs also seek costs

and fees under Fed. R. Civ. P. 4(d)(2)(B).

Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 120 days to serve a defendant, "[b]ut if

the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period."  Plaintiffs allege that "the history of the case so far suggests that it is

probable that additional time will be needed to finally secure service on Purney-Crider, Jackson,

and Wilson."[1]

---

[1]ECF 34 at 4.

The Court finds that Plaintiffs have not shown good cause for failure to comply with Rule 4(m) and thus effectuate service. The time for service has not run.[2] The argument about their inability thus far to serve the defendants is premature. The Court finds no reason to believe that Plaintiffs lack sufficient time to obtain proper service of process upon the defendants.

Plaintiffs suggest that Rule 4.2 of the Kansas Code of Professional Conduct prohibits their attorney from personally serving defendants with process. The Rule states as follows:

B.  Rule 4.2 Communication with Person Represented by Counsel

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Plaintiffs suggest that "[t]he Kansas disciplinary rules appear to prohibit direct contact with the represented Defendants, and Plaintiffs' attorney has been so advised by the Disciplinary Administrator."[3] This Court finds no reason to doubt or differ with any suggestion by the Disciplinary Administrator. But neither can the Court assume, without anything of record, that this cursory offering by counsel accurately reflects a considered, official opinion in support of his argument, given the facts submitted with this motion. Counsel has provided no persuasive reason to believe that he is ethically disabled from simply perfecting service of process by hand delivery of papers to the defendants and refraining from any discussion of the case. If he believes he is so disabled, he can rely upon this Memorandum and Order as an enabling "court order" within the meaning of the above-quoted Rule 4.2. Or, as an alternative, Plaintiffs can authorize

---

[2] *See Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 1806704, at *3 (D. Kan. May 7, 2014) ("For cases which are removed to federal court, the 120-day period begins once the case is removed.") (citing *Wallace v. Microsoft Corp.*, 596 f.3d 703, 706 (10th Cir. 2010)).

[3] ECF 34 at 4.

someone else, "at least 18 years old and not a party," to perfect service.  Fed. R. Civ. P. 4(c)(2).

Plaintiffs instead propose that the Court order service of process to be made by the United States Marshal.  They cite Fed. R. Civ. P.4(c)(3).  It provides as follows:

> (3) **By a Marshal or Someone Specially Appointed.**  At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. Sec. 1915 or as a seaman under 28 U.S.C. Sec. 1916.

Plaintiffs who proceed *in forma pauperis* are thus entitled to rely on the United States Marshal or deputy marshal for service of summons.[4]

Plaintiffs in this case are not proceeding *in forma pauperis*.  Accordingly, their request addresses the discretion of the Court.  Plaintiffs have made one attempt to serve each of the three Revenue Defendants addressed by this motion.  Plaintiffs apparently assumed that "a woman at the Department of Revenue named Freda Warfield" accurately represented herself  ". . . to accept service of process for all the defendants. . . ."[5]  The briefing lacks any suggestion of inadequacy of such service with regard to two of the Revenue Defendants: Secretary of Revenue Nick Jordan and Kansas Director of Taxation Steve Stotts.  The Court otherwise finds nothing to suggest that the service of process on them was insufficient.  The present motion challenges the attempted service only with regard to the other three Revenue Defendants, all of whom Plaintiffs characterize as Revenue Agents.

Upon these facts the Court assumes that Ms. Warfield indeed had adequate authority to

---

[4] *See* 28 U.S.C. § 1915(d).

[5] ECF 25, p. 2.

accept service of process for Messrs. Jordan and Stotts, but not for Carrie Purney-Crider, Carol Jackson, or Heather Wilson. If so, the difference appears to be understandable. It would seem unusual for an employee of the state agency to have such broad authority, express, implied, or otherwise, as to accept service of process for employees other than the heads of the agency. For these reasons this Court does not find that the failure of process with regard to the three Revenue Agents resulted from any purposeful evasion, but more probably reflects innocent or mistaken assumptions upon Ms. Warfield, the recipient of the process.

For the foregoing reasons, the Court finds no persuasive reason to order service of process to be made by the United States Marshal. Plaintiffs have made one overall attempt to serve the Revenue Defendants. They apparently succeeded with regard to two of them, but not the other three. The failed effort does not justify transferring a responsibility for service of process from Plaintiffs to the Marshal. Plaintiffs should exert further efforts of their own to perfect service of process upon the defendants.

Plaintiffs also seek fees and costs as authorized by Fed. R. Civ. P. 4(d)(2)(B). They claim defendants have failed to sign and return the waiver of service without good cause. The purpose of the rule is to impose costs of formal process on defendants who do not show good cause for refusing waiver.[6] "However, the procedural requirements of Rule 4(d)(2) are a 'condition precedent to a demand for costs for refusal to waive service.'"[7] Fed. R. Civ. P. 4(d)(1)(A)(I) provides that a request for waiver must be in writing and addressed "to the individual defendant."

---

[6] *See Shell v. American Family Rights Ass'n*, 09-cv-00309-MSK-KMT, 2009 WL 3837890, *1 (D. Colo. Nov. 13, 2009) (citation omitted).

[7] *Id*. (citations omitted).

5

In this case, the requests were sent to defense counsel and defendants argue that it was therefore insufficient. "However, service of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule."[8]  An award of fees and costs may be warranted where a plaintiff substantially complies with the requirements of Rule 4(d).[9]  In addition, "where the defendant was not prejudiced, a technical violation of Rule 4 may be overlooked."[10]  At this point the Court finds nothing to indicate that Plaintiffs have yet adequately complied with Rule 4(d) so as to justify an award of fees and costs.

For the foregoing reasons the Court denies Plaintiffs' Motion to Extend Time for Service of Process, for an Order that Process Be Served by the United States Marshall and for Costs Pursuant to Fed. R. Civ. P 4(d)(2)(B) (ECF 24).

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 30th day of January, 2015.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**

---

[8]*Id*. (citing *Flores v. School Board of DeSoto Parish*, 116 F. App'x 504, 508 (5th Cir. 2004)).

[9]*Id*. (citations omitted).

[10]*Id.* (citation omitted).