## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Emmett V. Jordan and Amy R. Jordan,**
**individually and as natural parents of**
**J.V.J., a minor;**

        **Plaintiffs,**

**v.**                                                **Case No. 14-2539-JWL**

**Charles Morris et al.,**

        **Defendants.**

### MEMORANDUM & ORDER

Plaintiffs Emmett V. Jordan and Amy R. Jordan, individually and on behalf of their minor child, filed a petition and then an amended petition in state court under 42 U.S.C. § 1983 alleging that defendants violated their Fourth, Fifth and Fourteenth Amendment rights in connection with defendants' seizure and subsequent sale of plaintiffs' property to satisfy the tax indebtedness of plaintiffs Emmett and Amy Jordan, delinquent taxpayers. The seizure was executed by agents of the Kansas Department of Revenue (KDOR) and the Wyandotte County Sheriff's Department. The KDOR defendants removed this action to federal court.

The Kansas Department of Revenue (KDOR) defendants, through two motions to dismiss, have challenged the merits of plaintiffs' claims as well as the insufficiency of service of process. Recently, the court granted in part and denied in part the KDOR defendants' Rule 12(b)(5) and Rule 12(b)(6) motion to dismiss plaintiffs' second amended complaint and denied as moot plaintiffs' second motion for extension of time to obtain service. As a result of that memorandum and order, the only remaining KDOR defendants are Carrie Purney-Crider; Carol

Jackson; and Heather Wilson and, with respect to those defendants' Rule 12(b)(6) challenge, the court denied in part and granted in part the motion to dismiss.

With respect to the service issue, the court held that service of process had been effected pursuant to K.S.A. § 60-203(c) and Local Rule 5.1(d)(2). Specifically, defendants filed a notice of removal which, under the court's local rules, constitutes an entry of appearance which, in turn, has the same effect as service under Kansas law. *See* K.S.A. 60-203(c) ("the filing of an entry of appearance shall have the same effect as service"); D. Kan. Rule 5.1(d)(2) (an attorney enters his or her appearance by, among other methods, signing a notice of removal filed in this case). The KDOR defendants now move the court to reconsider that aspect of its memorandum and order in which the court concluded that service of process was effected based on the interplay between Local Rule 5.1(d)(2) and K.S.A. § 60-203(c). These defendants have also moved for an extension of time, pursuant to Fed. R. App. P. 4(a)(5), to file their notice of appeal of the court's denial in part of their qualified immunity claims. In their motion, the KDOR defendants assert that they should not be required to appeal the denial of their qualified immunity claims until the court resolves the motion to reconsider and, if the motion to reconsider is granted, until they have been served with process.

The court begins with the motion to reconsider. Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling

2

law. *See id.* Defendants assert that reconsideration is appropriate in this instance in light of the need to correct clear error or prevent manifest injustice. As will be explained, the motion is granted as the court improvidently concluded that service had been effected based on argument that the parties had not raised such that defendants never had the opportunity to address the argument in the first instance.[1]

The essence of the court's prior ruling was that service of process was properly effected once defendants removed the case, through an application of Local Rule 5.1(d)(2) and K.S.A. § 60-203(c), such that there was no longer an insufficient-service defense that defendants could assert. *See Jenkins*, 136 F.3d at 1276 ("A defense cannot be preserved or waived unless it exists, and, with service already accomplished under § 60-203(c), there was no insufficient-service defense to "preserve" when defendants responded to the complaint."). In their motion to reconsider, defendants construe the court's memorandum and order as "holding that defendants waived service defects by removing this action to federal court." This is not accurate. The court held that there were no service defects to waive because service had been accomplished by virtue of the interplay between Local Rule 5.1(d)(2) and K.S.A. § 60-203(c).

---

[1] In their response, plaintiffs briefly contend that defendants cannot satisfy the standard for reconsideration because defendants simply "disagree" with the court's conclusion on the service issue and that, "at worst," defendants will be required to defend this action on the merits. Even the most cursory review of defendants' motion reveals that they do not simply disagree with the court's conclusion—they assert that the conclusion is at odds with Supreme Court and Tenth Circuit precedent. Moreover, defendants cannot be "required" to defend this action on the merits unless plaintiffs effectuate formal service of process; defendants execute a waiver of formal service of process; or defendants waive the defense of insufficient service. *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Defendants, then, are clearly entitled to press this issue through the vehicle of a motion to reconsider.

Nonetheless, reconsideration is appropriate in this case because the court's interpretation of Local Rule 5.1(d)(2) in conjunction with K.S.A. § 60-203(c) is inconsistent with federal laws governing removed cases. Once a case is removed to federal court, federal rather than state law governs the course of the proceedings. *See Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1974); Fed. R. Civ. P. 81(c) (Federal Rules of Civil Procedure apply to a civil action after it is removed from state court). "Despite that, federal courts in removed cases look to the law of the forum state, in this case Kansas, to determine whether service of process was perfected prior to removal." *See Wallace v. Microsoft Corp*., 596 F.3d 703, 706 (10th Cir. 2010). Because none of the KDOR defendants were served with a summons prior to removal, service was not perfected at the time the case was removed. *See id*. Under those circumstances, federal law governs service of process and requires that service be completed or new process issued in the same manner as in cases originally filed in the district court to which the case was removed. 28 U.S.C. § 1448. Under federal law, then, once a case is removed, a plaintiff has 120 days in which to effect service. *Wallace*, 596 F.3d at 706. For these reasons, the court's reliance on K.S.A. § 60-203(c) for the conclusion that service was effected when defendants filed their removal notice was misplaced and there is no comparable federal law dictating that an entry of appearance effectuates service.

Notably, plaintiffs, in their response to the motion to reconsider, do not assert that the court's prior ruling was correct. They attempt to distinguish various cases relied upon by defendants (none of which the court relies upon here) without ever coming to grips with the issue of whether the court properly relied on Local Rule 5.1(d)(2) and K.S.A. § 60-203(c) to conclude that service had been effected in this case. Plaintiffs further assert, by way of a

4

response, that they have made good faith efforts to effect service on several occasions and they have mailed request for waiver forms to defendants, all to no avail. Based on these attempts, plaintiffs contend, essentially, that the court should conclude that defendants have been served. The court cannot draw that conclusion. No returns of service have been filed and it is within defendants' rights to refuse to waive formal service and to demand proper service of process. *See Day v. Iomega Corp.*, 1999 WL 355678, at *2 (10th Cir. June 3, 1999) (Federal Rules clearly contemplate that if defendant refuses to waive formal service of process plaintiff is required to formally serve process within the time limits of Rule 4(m)); *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (Rule 4(d) does not abolish defendant's right to proper service of process). Plaintiffs' unsuccessful attempts at service and their attempts to secure a waiver do not satisfy their obligations to properly serve defendants under Federal Rule of Civil Procedure 4.

In the absence of any persuasive arguments as to why the court should not reconsider its ruling that service was effected based on the interplay between Local Rule 5.1(d)(2) and K.S.A. § 60-203(c), the court grants the motion and must then consider the merits of defendants' argument that dismissal of this case is warranted because service has not been effected and the 120-day period in Rule 4(m) has expired. As noted above, there is no indication in the record (or even plaintiffs' arguments) that proper service has been effected on the KDOR defendants. Nonetheless, based on the court's reconsideration of the service issue, the court must now look to the merits of plaintiffs' second motion for an extension of time to obtain service (which the court had previously denied as moot). In that motion, plaintiffs seek an extension of 60 days to effect service. The court concludes that a permissive extension of time to effect proper service

is warranted, particularly as the court would have granted the motion back in April if it had not resolved the service issue on the basis of Local Rule 5.1(d) and K.S.A. § 60-203(c).  Moreover, the KDOR defendants obviously are on notice of the lawsuit, they have asserted no prejudice by a delay in service, and it appears as if the statute of limitations would bar the refiling of this action.  *See Hagan v. Credit Union of Am.*, 2011 WL 6739595, at *3 (D. Kan. 2011) (discussing pertinent factors that weigh in favor of permissive extension to obtain service).  Thus, the court will grant plaintiffs an extension of sixty (60) days and plaintiffs must obtain proper service of the summons and the second amended complaint no later than July 28, 2015. No further extensions are contemplated.

The court turns, then, to the motion for an extension of time to file an appeal as to the court's denial of certain qualified immunity claims.  Because service has not yet been effected, the court's prior rulings on the merits of plaintiffs' claims as to Ms. Purney-Crider, Ms. Jackson and Ms. Wilson cannot stand.  *See, e.g., Jackson v. Warden, FCC Coleman-USP*, 259 Fed. Appx. 181 (11th Cir. 2007) (improper for court to reach merits where plaintiff failed to serve defendants properly); *Labombard v. Winterbottom*, 2014 WL 6674629, at *2 (N.D.N.Y. 20140 (when a defendant moves to dismiss a complaint under Rule 12(b)(5) and Rule 12(b)(6), the court must address the arguments concerning proper service of process before the arguments as to the alleged failure to state a claim); *Schwasnick v. Fields*, 2010 WL 2679935, at *2 (E.D.N.Y. 2010) (same); *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 516 (E.D. Pa. 2010) (unless defendant is properly served, there is no jurisdiction over the defendant; court must address Rule 12(b)(5) arguments before Rule 12(b)(6) arguments).

In such circumstances, the court believes that there are two possible courses of action. First, the court can vacate its prior memoranda and orders to the extent those orders ruled on the merits of this case (docs. 22; 54) and to deny without prejudice to refiling the motions to dismiss (docs. 6; 43) filed by Ms. Purney-Crider, Ms. Jackson and Ms. Wilson to the extent those motions asserted Rule 12(b)(6) arguments.[2]  Under this scenario, the court would deny as moot the KDOR defendants' motion for an extension of time to file a notice of appeal (because there would be no qualified immunity issues to appeal) and the KDOR defendants, once served, could refile any motions to dismiss under Rule 12(b)(6).  As an alternative, the KDOR defendants could elect to waive the insufficient service defense and the court would leave its prior decisions intact and would grant the motion for an extension of time to the extent permitted under Rule

---

[2]   Because the court dismissed plaintiffs' claims against KDOR defendants Nick Jordan and Steve Stotts in their entirety, it was permissible for the court to resolve those defendants' Rule 12(b)(6) arguments regardless of the Rule 12(b)(5) issue and if the court vacates its prior memoranda and orders as to Ms. Purney-Crider, Ms. Jackson and Ms. Wilson it would not vacate those orders as to Nick Jordan and Steve Stotts.  While the Tenth Circuit has not directly addressed this issue, it has recognized in an unpublished decision that a district court may dismiss a case based on Rule 12(b)(6) even where service has not occurred.  *See Ngiendo v. Social Security Administration*, 547 Fed. Appx. 913, 914 (10th Cir. 2013).  In *Ngiendo*, the district court dismissed a case on both Rule 12(b)(5) and Rule 12(b)(6) grounds and the Circuit, in affirming that decision, did not suggest that the district court should not have reached the Rule 12(b)(6) issue in light of the lack of service.

This approach is consistent with what other courts have held more directly.  *See United States v. Vazquez*, 145 F.3d 74, 80 & n.3 (2d Cir. 1998) (because the failure timely to serve a summons and complaint is excusable, this is not an exercise of hypothetical jurisdiction of the sort disapproved of by the Supreme Court in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)); *Reaves v. Seterus, Inc.*, 2015 WL 2401666, at *4 (E.D.N.C. 2015) (because the court fully resolved the case under Rule 12(b)(6), court declined to address Rule 12(b)(5) arguments); *Rose v. Rahfco Management Group, LLC*, 2014 WL 7389900, at *3 n.4 (S.D.N.Y. 2014) (declining to consider Rule 12(b)(5) arguments where all claims failed under Rule 12(b)(6)); *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 503 n.4 (S.D.N.Y. 2003) (court could summarily deny Rule 12(b)(5) motion and assume proper service if case may be resolved on Rule 12(b)(6) grounds).

7

4(a)(5).  *See Arredondo v. County of Nassau*, 2012 F. Supp. 2d 910077, at *1 n.4 (E.D.N.Y. 2012) (defendants advised court by letter that they were waiving any Rule 12(b)(5) issues to permit the court to consider the Rule 12(b)(6) issues); *Perry v. City of Milwaukee Housing Authority*, 2007 WL 1168733, at *4 (E.D. Wis. 2007) (ordering defendants to file letter indicating whether they preferred to waive insufficient service such that court would proceed to address merits-based arguments or whether defendants preferred not to waive objection such that court would extend time for service and deny without prejudice motions raising merits-based arguments).

In light of the foregoing discussion, the court orders the KDOR defendants to notify the court, by filing a Notice through the court's ECF system on or before Monday, June 8, 2015, whether they desires to have the court vacate its prior rulings on the merits or whether they elect to waive the insufficient service defense.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the KDOR defendants' motion to reconsider (doc. 57) that portion of the court's memorandum and order in which the court concluded, based on Local Rule 5.1(d)(2) and K.S.A. § 60-203(c), that service had been effected is **granted.**

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs' second motion for extension of time to obtain service (doc. 39) is **granted**.  Plaintiffs must obtain proper service of the summons and the second amended complaint no later than **July 28, 2015**. No further extensions are contemplated.

8

**IT IS FURTHER ORDERED BY THE COURT THAT** Ms. Purney-Crider, Ms. Jackson and Ms. Wilson shall notify the court on or before **Monday, June 8, 2015** as to whether they desire to have the court vacate its prior rulings on the merits or whether they elects to waive the insufficient service defense.  In the meantime, Ms. Purney-Crider, Ms. Jackson and Ms. Wilson's motion for extension of time to file a notice of appeal (doc. 65) **remains under advisement.**


**IT IS SO ORDERED.**


Dated this 29th day of May, 2015, at Kansas City, Kansas.


<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge