IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Emmett V. Jordan and Amy R. Jordan,**
**individually and as natural parents of**
**J.V.J., a minor;**

        **Plaintiffs,**

v.                                                                                            Case No. 14-2539-JWL

**Unified Government of Wyandotte County**
**and Kansas City, Kansas et al.,**

        **Defendants.**

## MEMORANDUM & ORDER

On August 3, 2015 defendants Carol Jackson, Carrie Purney-Crider and Heather Wilson filed a motion asking the court to require plaintiffs to show good cause why the case against these defendants should not be dismissed for failure to effect service upon these defendants within the time frame established by the court.  Thereafter, plaintiffs filed a return of service purporting to demonstrate service on defendant Carrie Purney-Crider, but did not respond to the motion for order to show cause.  The court, then, directed plaintiffs to show good cause in writing to the court why their claims against defendants Carol Jackson, Carrie Purney-Crider and Heather Wilson should not be dismissed for lack of personal jurisdiction based on plaintiffs' failure to effect proper service.  Plaintiffs filed a timely response to the order to show cause and defendants have filed a reply to that response.  This matter, then, is now ripe for resolution and, as explained below, the court dismisses plaintiffs' claims against these defendants with prejudice.

**Background**

Plaintiffs filed their state court petition against defendants in September 2014. Defendants removed the case to this court in October 2014. Since that time, defendants Carrie Purney-Crider, Carol Jackson and Heather Wilson have consistently asserted a lack-of-service defense. In October 2014, these defendants moved to dismiss the complaint, among other reasons, on the grounds that they had not been properly served. The court rejected that argument as premature because the 120-day period set forth in Federal Rule of Civil Procedure 4(m) had not expired and plaintiffs indicated that they were attempting to obtain service. In January 2014, plaintiffs filed a motion for an extension of time to effect service on defendants Carrie Purney-Crider, Carol Jackson and Heather Wilson and for an order that service be made on the defendants by the United States Marshal. The magistrate judge denied that motion on the grounds that the 120-day period, measured from the date of removal, had not expired and that, because plaintiffs' counsel had made only one attempt to serve the defendants, they had not shown that service by the United States Marshal was appropriate. The magistrate judge cautioned plaintiffs to "exert further efforts" to perfect service of process of these individual defendants. The magistrate judge also rejected plaintiffs' suggestion that delivering papers to a secretary at the Department of Revenue constituted adequate service on these defendants.

In February 2015, the plaintiffs requested a 60-day extension of time to serve defendants Carrie Purney-Crider, Carol Jackson and Heather Wilson. In support of the motion, plaintiffs again suggested that they "gave papers" to a "woman at the Department of Revenue"; that defendants had refused to return waivers of service that had been sent to them; that defendants

2

refused to respond to voice mail messages attempting to "arrange service"; that the human resources department at the Department of Revenue refused to produce the individual defendants for service of process upon them; and that plaintiffs had "finally" discovered home addresses for the individual defendants and had mailed service packets to those addresses. In April 2015, in connection with a second motion to dismiss for lack of service filed by defendants, this court denied the motion for extension as moot and concluded that service of process had been effected pursuant to K.S.A. § 60-203(c) and Local Rule 5.1(d)(2). In May 2015, the court granted defendants' motion to reconsider that order. In granting the motion to reconsider, the court held that service had not been effected and expressly rejected plaintiffs' suggestion that plaintiffs' "good faith efforts" to effect service should be deemed sufficient. The court held that defendants were not required to waive service and that nothing in the record indicated that proper service had been obtained. Nonetheless, the court concluded that a permissive extension of time to effect proper service was warranted and granted plaintiffs an additional 60 days to serve defendants. The court cautioned that plaintiffs were required to obtain proper service by July 28, 2015 and that no further extensions were contemplated.

On August 3, 2015, defendants Carrie Purney-Crider, Carol Jackson and Heather Wilson filed a motion for order to show cause why plaintiffs' claims should not be dismissed for lack of service. Plaintiffs did not respond to the motion and, instead, filed a Return of Service as to Carrie Purney-Crider indicating that service on Ms. Purney-Crider had been achieved by personally handing a copy of the summons and the second amended complaint to defendants' counsel; by affixing a copy of the summons and the second amended complaint to the front door of a residence in Rossville, Kansas and then mailing of copy of the same to that address; and by

3

affixing a copy of the summons and the second amended complaint to the front door of a second residence in Rossville, Kansas and then mailing a copy of the same to that address .  The return filed by plaintiffs' counsel further stated that defendants' counsel had refused to provide contact information for Ms. Purney-Crider.  Thereafter, the court ordered plaintiffs to show good cause why their claims should not be dismissed as to Ms. Purney-Crider, Ms. Jackson and Ms. Wilson.

In their response, plaintiffs do not address whether they have obtained (or made any efforts to obtain) service on defendants Carol Jackson or Heather Wilson and, in fact, do not mention these defendants at all in their response.  Because plaintiffs have failed to show good cause why their claims against defendants Carol Jackson and Heather Wilson should not be dismissed for lack of personal jurisdiction based on plaintiffs' failure to effect proper service, the court will dismiss plaintiffs' claims against these defendants with prejudice.  In doing so, the court notes that plaintiffs have had one year to obtain service on these defendants and have failed to do so despite ample opportunity and direction from the court.  The court also notes that plaintiffs do not request additional time to serve these defendants.  For all of these reasons, plaintiffs' claims against Carol Jackson and Heather Wilson are dismissed with prejudice.

With respect to defendant Carrie Purney-Crider, plaintiffs assert in their response that Ms. Purney-Crider has been personally served by virtue of the fact that plaintiffs personally handed the summons and second amended complaint to defendants' counsel and by "nailing and mailing" the summons and second amended complaint at two separate addresses in Rossville, Kansas which plaintiffs believe are the addresses of Ms. Purney-Crider.  None of these methods is sufficient to obtain service on Ms. Purney-Crider.  It is well settled that absent proof that an attorney is authorized to receive service on behalf on an individual, service on an individual's

attorney is insufficient. *See* Fed. R. Civ. P. 4(e)(2)(C). There is no evidence in the record that defendants' counsel was authorized to accept service on behalf of Ms. Purney-Crider. Defendants' counsel's statement that Ms. Purney-Crider could be "reached" for purposes of discovery through her counsel is not sufficient to establish his agency for service of process. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1097, at 536-39 (3d ed. 2002) (individual defendant's attorney will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place).

Under Kansas law, service on an individual defendant is obtained by personal service, residence service, or by leaving a copy of the process and petition at the individual's dwelling or usual place of abode and mailing to the individual by first-class mail, postage prepaid, a notice that the copy has been left at the individual's dwelling or usual place of abode. *See* K.S.A. § 60-303(d). Personal service, of course, means personally delivering the papers to the individual. *Id.* § 303(d)(1)(A). Residence service means leaving a copy of the papers at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. *Id*. § 303(d)(1)(B). But leaving a copy of the papers at the individual's dwelling and then mailing a notice of the same is permissible under Kansas law only upon a showing that "personal or residence service cannot be made" on the individual. *Id.* § 303(d)(1)(C). Plaintiffs have made no showing or even suggested that personal or residence service was even attempted on Ms. Purney-Crider, let alone impossible.

5

In that regard, Ms. Purney-Crider avers that she has lived in the same residence with her spouse for three years;[1] that she regularly walks between her residence and her vehicle for purposes of driving to work; and that she regularly walks to and from the parking lot at her place of employment.  There is no indication that plaintiffs have ever attempted to personally serve Ms. Purney-Crider at her home or while en route to her vehicle.  Plaintiffs provide no details whatsoever about the number of times they may have attempted to serve Ms. Purney-Crider personally or whether they have made any attempts at all.  There is no indication that plaintiffs ever attempted to obtain residence service on Ms. Purney-Crider by leaving a copy of the summons and second amended complaint with Ms. Purney-Crider's spouse at the Rossville address or by knocking on the door or ringing the doorbell on any occasion.  And while plaintiffs complain that they only recently "discovered" Ms. Purney-Crider's address, they do not attempt to explain to the court whether that information was difficult to obtain or whether they simply delayed in making an effort to obtain that information.  They certainly never sought assistance from the court in obtaining Ms. Purney-Crider's address for purposes of obtaining service. *Compare Hillcrest Bank, N.A. v. Anzo*, 2011 WL 3299756, at *3-4 (D. Kan. 2011) (service was obtained under K.S.A. § 60-303(d)(1)(C) where evidence submitted by plaintiff demonstrated that individual defendant refused to answer door at home).

Moreover, plaintiffs do not remotely suggest to the court that they have reason to believe that Ms. Purney-Crider is evading service.  At most, they state that the magistrate judge, at a status conference in June 2015, "expressed the hope that the Revenue Defendants were not

---

[1] Ms. Purney-Crider lives at the one of the Rossville addresses where plaintiffs left a copy of the summons and petition at the door.  She avers that she has not lived at the other Rossville address in four years.

being counseled to evade process." In the absence of any information from plaintiffs concerning what, if any, efforts they have made to obtain personal or residence service on Ms. Purney-Crider, the court has no basis to conclude that Ms. Purney-Crider is evading service. And even if plaintiffs believe that she may be evading service, they have never squarely raised that issue with the court or otherwise sought assistance from the court regarding that issue.

Because plaintiffs have failed to show good cause why their claims against defendant Carrie Purney-Crider should not be dismissed for lack of personal jurisdiction based on plaintiffs' failure to effect proper service, the court dismisses their claims against Ms. Purney-Crider with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' claims against defendants Carrie Purney-Crider, Carol Jackson and Heather Wilson are dismissed with prejudice for lack of personal jurisdiction based on plaintiffs' failure to effect proper service.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge